IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA RENEE D., | § § | |
| Plaintiff, | § § | |
| V. | § § § | No. 3:18-cv-2071-N-BN |
| ANDREW SAUL, Commissioner of Social Security, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Teresa Renee D.'s counsel Ronald D. Honig has filed a Petition to Obtain Approval of a Fee for Representing a Social Security Claimant, seeking an award of attorneys' fees in the amount of $30,844.75, under the Social Security Act, 28 U.S.C. §406(b). *See* Dkt. No. 25. And the Commissioner has filed a response. *See* Dkt. No. 26.

For the reasons explained below, the Court should grant the motion.

## Background

Plaintiff's counsel explains that

[t]he Order of this Honorable Court, entered upon the Court's docket on September 9, 2019 (Doc. 17), accepted the Findings, Conclusions and Recommendation of the United States Magistrate Judge, reversed the Decision of the Defendant Commissioner and rendered Judgment in favor of the Plaintiff.
 The Court further ordered that this matter be remanded to the Commissioner for further proceedings. As a result of such remand, a decision in favor of the Plaintiff was issued by Administrative Law

-1-

>   Judge Derek N. Phillips on February 25, 2020 (see attached Exhibit).
>     As a result of such decision, an award of benefits was made to the Plaintiff by the Defendant Commissioner. A Social Security Administration Notice of Award, dated August 3, 2020, advised [Plaintiff] that she would receive a check for past-due benefits, covering the period of November 2013 through December 2019, in the amount of $85,041.85, and that an additional $27,753.75 had been withheld for payment of an attorney fee (see attached exhibit). On November 25, 2020, a Notice of Change in Benefits advised of a recalculation of Plaintiff's past-due benefits. She was informed that $760.50 had been deducted from the benefits owed to [J.B.D.] as an auxiliary beneficiary on Plaintiff's earnings record, due to a recalculation of her worker's compensation offset. The Notice adjusted the attorney fee withholding to $27,500.25 (see attached). On November 30, 2020 a Notice of Award was issued with regard to the benefits due for [J.B.D.], the auxiliary beneficiary. The Notice advised that such beneficiary would receive past-due benefits in the amount of $14,613.00, covering the past-due benefits for November 2013 through October 2020. The Notice further advised that an additional $3344.50 had been withheld from the auxiliary benefits for payment of an attorney fee (see attached Exhibit).
>     Petitioner is hereby seeking approval of an attorney fee of $30,844.75, which is being withheld from Plaintiff's and the auxiliary beneficiary's disability insurance benefits, for payment of an attorney fee. This request is in accord with the contract executed between Petitioner and the Plaintiff dated August 9, 2018, attached hereto as an exhibit.

Dkt. No. 25 at 1-2.

**Legal Standards and Analysis**

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v.*

3

*Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, his role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). It is the Court's obligation to review whether the fees sought are reasonable.

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See Jeter*, 622 F.3d at

374 n.1. But, noting that Section 406(b) is not a fee-shifting statute, the United States Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379.

The Court in *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation,

-4-

experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at \*5 (E.D. Tex. July 22, 2004)).

The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

As to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at \*4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at \*6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012).

As to the other factors, Mr. Honig explains that ,

> [a]s indicated in the enclosed Affidavit, while counsel does not normally charge fees on an hourly basis, the standard hourly rate which would be charged in such circumstances is $375.00 per hour. Survey information indicates that this is consistent with the median hourly rate of $388.00 per hour, charged by law firms in the Texas region, in the year 2012, by equity partners in law firms in the region. See, "The State of Rates," Texas Lawyer 10/01/12 at www.law.com/jsp/tx/PubArticleFriendlyTX.jsp?id; p. 4 (attached hereto as an Exhibit).
> As set forth in the Itemization of Services Rendered, Counsel for Plaintiff expended 39.35 hours in service to the Plaintiff before this Honorable Court. As further set forth in the Affidavit attached to this

> petition, Petitioner has devoted over forty-five years of study and practice in the field of Social Security Law, having served nearly twelve years as an attorney for the Social Security Administration and over thirty-three years since then as anattorney representing individuals in social security claims before the Social Security Administration and the Federal Courts.
> ….
> In view of counsel's forty-five years of experience in the practice of social security law and the contingent nature of the agreement, Petitioner respectfully submits that the attorney fee requested is reasonable and consistent with awards granted in this and other courts. Consistent with the fact that services were performed for the Plaintiff on a contingent fee basis, Petitioner respectfully submits that a fee of 2.5 times the standard hourly rate is not unreasonable and is consistent with the awards described above. Accordingly, the Petitioner is requesting an attorney fee at the rate of $783.85 per hour for services rendered to the Plaintiff before this Honorable Court, which is 2.09 times the applicable hourly rate.
> ….
> Petitioner would respectfully refresh the recollection of this Honorable Court that on November 22, 2019, this Court awarded Plaintiff an attorney fee of $7960.15 under the Equal Access to Justice Act (28 USC Section 2412 (d) (1) (A)) (Doc. 21). The purpose of the Equal Access to Justice Act is to help reimburse Plaintiffs for the cost of pursuing appeals to the Federal Courts, when the position of the government was not substantially justified at all levels of adjudication. Consequently, under EAJA, the lesser of the attorney fee awarded under 42 U.S.C. Section 406 (b) or the amount awarded under EAJA is refunded to the Plaintiff. Accordingly, should this Honorable Court award a fee under 42 U.S. C. Section 406 (b), the lesser of the fee received from Plaintiff's past-due benefits, or the amount of the EAJA fee awarded, shall be refunded to Plaintiff.

Dkt. No. 25 at 6, 7, 8 (footnote omitted).

In response to the motion, the Commissioner explains that he "respectfully declines to assert a position on the reasonableness of Plaintiff's attorney's request, because the Commissioner is not the true party in interest." Dkt. No. 26 at 1

The Court should find that Mr. Honig's motion was timely filed within 60 days of the Commissioner's issuing the last Notice of Award, in compliance with this Court's prior order. *See* Dkt. No. 23; *see also* Dkt. No. 26 at 7.

And the undersigned agrees that, for the reasons that Mr. Honig explains, the resulting hourly rate is reasonable under the circumstances of this case. And Mr. Honig provided effective and efficient representation, expending almost 40 hours to reach a favorable result. Finally, while not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the Court should find that the requested award in the amount of $30,844.75 is reasonable under the circumstances of this case and should be awarded under Section 406(b).

Plaintiff was previously awarded attorneys' fees under the EAJA. *See* Dkt. No. 24. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831, 837-39 (5th Cir. 2010). Here, Mr. Honig represents that, if he is awarded fees under Section 406(b), "the lesser of the fee received from Plaintiff's past-due benefits, or the amount of the EAJA fee awarded, shall be refunded to Plaintiff." Dkt. No. 25 at 8; *see also* Dkt. No. 26 at 5.

## Recommendation

The Court should grant Plaintiff Teresa Renee D.'s counsel Ronald D. Honig's Petition to Obtain Approval of a Fee for Representing a Social Security Claimant [Dkt. No. 25] and award Mr. Honig $30,844.75 in attorneys' fees to be certified for payment out of Plaintiff Teresa Renee D.'s past-due benefits under 42 U.S.C. § 406(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 6, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE